UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Petitioner,<br><br>    v.<br><br>EFFIE LIGON, individually, and as managing partner of IBIS GROUP, LLC, and as trustee of IBIS COMPANY TRUST,<br><br>    Respondent. | Case No.  MS06-5017 FDB KLS<br><br>REPORT AND RECOMENDATION<br><br>Noted for September 27, 2006 |

THIS MATTER comes before the court on the Petition of the United States of America for an order to enforce an Internal Revenue Service (IRS) administrative summons served on respondent. Pursuant to 18 U.S.C. § 636A(b)(1) the Honorable Franklin D. Burgess referred the matter to the undersigned United States Magistrate Judge to (a) review all pleadings; (b) determine whether a hearing is required and, if so, to schedule and preside over such a hearing; and thereafter (c) to submit the appropriate proposal for consideration to Judge Burgess.

**REPORT**

This proceeding was initiated at the Chief Counsel of the IRS by way of delegation from the Secretary of the Treasury, and at the direction of the Attorney General of the United States. Petitioner asserts jurisdiction over this matter under 26 U.S.C. §§ 7402(b) and 7604(a) and 28 U.S.C. §§ 1340 and 1345.

1  The petition alleges that (a) the IRS is conducting an examination to determine the correct federal
2  income tax liabilites of Christa Friedlander for her tax year 2002; (b) IRS agent, Paul Shipley, issued three
3  IRS administrative summonses to the respondent Effie Ligon, in her individual capacity, and in her
4  capacities as managing partner of IBIS Group, LLC, and trustee of IBIS Company Trust which directed
5  the respondent to appear on August 15, 2005, to give testimony and produce for examination certain
6  books, records, papers, and other data as described in the summonses; (c) respondent was personally
7  served with the summons; (d) respondent failed to appear in person and/or produce the documents
8  requested and has continued to fail to respond; (e) the books, papers, and other records sought by way of
9  the administrative summons are not within the possession of the IRS; (f) notice of the service of each of the
10 three summonses was given to the taxpayer, Christa Friedlander, in accordance with 26 U.S.C. § 7609, by
11 certified mail on July 7, 2005; (g) all administrative steps required by the Internal Revenue Service Code
12 for the issuance of an IRS summons have been followed; and (h) the information sought is relevant to
13 determine the correct federal income tax liability of the taxpayer, Christa Friedlander.

14 Following a review of the petition, the undersigned, on July 31, 2006, directed the respondent to
15 show cause as to why she should not be compelled to obey the Internal Revenue Service summonses
16 served upon her. The hearing date was scheduled for August 25, 2006 at 9:00 a.m. (Dkt. # 4)

17 In response to the Order to Show Cause, respondent filed the following document: Ligon's 1st
18 Refusal for Cause UCC 3-501, Verified Declaration Re: No Consent to Jurisdiction by a Untied States
19 Magistrate Judge FRCvP 73, with attachments. (Dkt. #5).

20 The court will not summarize the forementioned documents other than to say that one of the
21 objections raised by the petitioner was with regard to the fact that she had not consented to a U.S.
22 Magistrate Judge hearing the case.

23 As scheduled, the hearing on the court's order to show cause was held on August 25, 2006 at 9:00
24 a.m. Petitioner appeared through counsel, Jennifer Aucheterlonie. Respondent did not appear. In light of
25 the objection raised by the petitioner regarding lack of consent, the court inquired of Ms. Auchterlonie and
26 was advised that the petitioner had not been served a copy of the Order of Reference to Magistrate Judge
27 (Dkt. #3). The Court then signed an Amended Order to Show Cause re: Petition to Enforce Internal
28 Revenue Service Summonses and scheduled the hearing date for September 8, 2006 at 9:00 a.m. (Dkt.

1  #9). The Amended Order required the Petitioner to provide the Respondent with a copy of the Order of
2  Reference.
3  In response to the Amended Order to Show Cause, the respondent filed the following document:
4  Ligon's 2nd Refusal for Cause UCC 3-501, Failure to State a Claim, Lack of Jurisdiction; Verified
5  Declaration FRCvP 12(h)(1), 12(h)(2).  (Dkt. #11).
6  As scheduled, the hearing on the court's order to show cause was held on September 8, 2006 at
7  9:00 a.m.  Petitioner appeared through counsel, Jennifer Auchterlonie.  Respondent did not appear. The
8  court considered the oral remarks of counsel for the petitioner as well as the entirety of the record.
9  In order for an Internal Revenue Service Summons to be enforceable, it must meet the requirements
10 set forth under *United States v. Powell,* 379 U.S. 48 (1964), wherein the court determined the IRS need
11 not meet any standard of probable cause to obtain enforcement of the summons, but need only show that
12 (1) the investigation will be conducted pursuant to a legitimate purpose, (2) the inquiry may be relevant to
13 the purpose, (3) that the information sought is not already within the Commissioner's possession, and (4)
14 the administrative steps required by the Code have been followed - in particular, that the Secretary or his
15 delegate, after investigation, has determined the further examination to be necessary and has notified the
16 taxpayer in writing to that effect.  Petitioner has met this burden.  See Petition and Declaration of Paul R.
17 Shipley (Dkt. # 2).
18 Once the government meets its burden, the taxpayer must show an improper purpose or lack of
19 good faith, by setting forth evidence to support her allegations, *Fortney v. United States,* 59 F.3d 117 (9th
20 Cir. 1995), *Liberty Financial Services v. United States,* 778 F.2d 1390 (9th Cir. 1985).  She has not done
21 so.  Rather, Petitioner's responsive pleading appears to challenge jurisdiction as well as the authority of the
22 United States of America.  Respondent's opportunity to show an improper purpose or lack of good faith
23 was at or before the hearing held by the court on September 8, 2006.  She did not appear or otherwise
24 appropriately respond.

### RECOMMENDATION

26 Based on the foregoing report, the undersigned recommend as follows:
27 1. The court has jurisdiction over the respondent and the subject matter of this proceeding.
28 2. That the respondent be ordered to fully obey the administrative summonses served on

1 respondent by September 25, 2006, by attending, testifying, and producing all documentation required by
2 the terms of the summonses, before Revenue Agent Paul Shipley, or any other proper officer or employee
3 of the IRS, at such time and place as may be set by Revenue Agent Paul Shipley or any other propsoer
4 officer or employee of the IRS.

5       Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the
6 parties shall have ten (10) days from service of this Report and Recommendation to file written objections.
7 See also Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes
8 of appeal. *Thomas v. Arn,* 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b)
9 **the clerk is directed to set the matter for consideration on September 27, 2006.**

10       Dated this 11th day of September, 2006.

                                          Karen L. Strombom
                                          United States Magistrate Judge